UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT

| | |
|---|---|
| MOSenecaManufacturer, LLC, doing business as American Tripoli<br><br>    Petitioner,<br><br>    *v.*<br><br>Federal Mine Safety and Health Review Commission; Secretary of Labor<br><br>    Respondents. | No. 25-1349 |

## Motion to Dismiss for Lack of Jurisdiction

The Secretary of Labor ("Respondent") respectfully requests that this Court dismiss this case for lack of jurisdiction. 30 U.S.C. 816(a)(1); 8th Cir. R. 47A(b). MOSeneca Manufacturer, LLC, d/b/a American Tripoli ("Petitioner") seeks review of the Federal Mine Safety and Health Review Commission's ("Commission") January 17, 2025 order vacating the Commission's direction for review and dismissing proceedings in *American Tripoli*, CENT 2023-0251 ("January 17 Order"), and the subsequent February 12, 2025 order denying Petitioner's request for reconsideration of the January 17 Order ("February 12 Order"). The Court lacks jurisdiction

1

under the Federal Mine Safety and Health Act of 1977 ("Mine Act") to review these orders. See 30 U.S.C. 816(a)(1).

## Statutory Background

The Mine Act provides that any person aggrieved by the decision of a Federal Mine Safety and Health Review Commission administrative law judge may petition for discretionary review by the Commission of that decision. The Commission can grant a petitioner's petition to review an ALJ's decision or decline to review such decision. 30 U.S.C. 823(d)(2)(A)(i). Under the statute, "[r]eview by the Commission shall not be a matter of right but of the sound discretion of the Commission." *Ibid*. Apart from accepting or declining a petition for review from an aggrieved party, the Commission can also direct an ALJ's decision for review on its own. 30 U.S.C. 823(d)(2)(A)(iii); 823(d)(2)(B). Consistent with this authority, the Commission also maintains discretion to vacate review. *Birchfield Mining Co.*, 11 FMSHRC 1428 (Aug. 1989).

An aggrieved party can seek review of an order of the Commission in the court of appeals. 30 U.S.C. 816(a)(1). If the Commission declines to review an ALJ's decision or vacates review, the ALJ's decision becomes a final order of the Commission and is appealable to the court of appeals. 30 U.S.C.

823(d)(1), 30 U.S.C. 816(a)(1); see, *e.g.*, *Pattison Sand Co., LLC* v. *FMSHRC*, 688 F.3d 507, 510 (8th Cir. 2012) ("If the Commission declines to exercise such authority, the ALJ's decision becomes the Commission's final decision. *Id.* § 823(d)(1). That decision is appealable to a United States Court of Appeals. *Id.* § 816(a)(1).").

## Factual and Procedural Background

This case arises from a discrimination and interference complaint under Section 105(c) of the Federal Mine Safety and Health Act of 1977, as amended, 30 U.S.C. 815(c), filed against Petitioner on August 17, 2023.

In May 2024, following briefing and a hearing, a Commission ALJ issued a decision and order determining that Petitioner violated Section 105(c) of the Mine Act and ordering various remedies, including damages and back wages. Cert. Index at pp. 3322-3373 (ALJ Decision, CENT 2023-0251 (FMSHRC ALJ May 23, 2024).

On June 18, 2024, the Commission directed review of the ALJ decision on its own. Cert. Index at pp. 3372-3376 (Direction for Rev., CENT 2023-0251 (FMSHRC June 18, 2024)). On June 21, 2024, Petitioner petitioned the Commission for review of the ALJ's decision. Cert. Index at pp. 3377-3380 (Pet. for Discretionary Rev., CENT 2023-0251 (FMSHRC June 21, 2024)).

On June 27, 2024, the Commission granted Petitioner's petition for review and combined it with the Commission's direction for review. Cert. Index at pp. 3387-3389 (Direction for Rev., CENT 2023-0251 (FMSHRC June 27, 2024)).

Petitioner filed an opening brief, and the Secretary filed a response. Cert. Index at pp. 3413-3416 (Opening Br., CENT 2023-0251 (FMSHRC Aug. 21, 2024)); Cert. Index at pp. 3440-3503 (Resp. Br., CENT 2023-0251 (FMSHRC Oct. 28, 2024)). The Secretary also filed a motion for oral argument. Cert. Index at pp. 3437-3439 (Sec'y Mot. for Oral Arg., CENT 2023-0251 (FMSHRC Oct. 29, 2024)). Petitioner filed an opposition to the Secretary's motion for oral argument. Cert. Index at pp. 3504-3506 (Pet. Opp. to Mot. for Oral Arg., CENT 2023-0251 (FMSHRC Oct. 29, 2024)). Petitioner's filing contained unusual legal arguments accompanied by irregular case citations. The Secretary filed an amended motion for oral argument and also notified the Commission that "the cases cited by Respondent in its opposition motion appear to be inaccurate and do not support the propositions for which they are offered." Cert. Index at pp. 3507-3509 (Sec'y Amended Mot. for Oral Arg., CENT 2023-0251 (Oct. 30, 2024)).

On November 5, 2024, Petitioner filed a "Motion to Cease and Desist Enforcement Actions Pending Final Judgment." Cert. Index at pp. 3510-3515 (Pet. Mot. to Cease and Desist, CENT 2023-0251 (FMSHRC Nov. 5, 2024)). This filing also contained several erroneous legal arguments and unlocatable case citations. In the Secretary's opposition, the Secretary notified the Commission that Petitioner had, for the second time in a week, used nonexistent cases and mischaracterized real cases in support of its filings. Cert. Index at pp. 3516-3520 (Sec'y Resp. to Cease and Desist, CENT 2023-0251 (Nov. 15, 2024)).

On November 22, 2024, the Commission issued an Order determining that Petitioner relied on cases in its motions that "cannot be identified based on the incomplete information provided." Cert. Index at pp.3523-3526 (Ord., CENT 2023-0251 (FMSHRC Nov. 22, 2024)). Because the cases could not be identified, the Commission ordered Petitioner to "submit copies of the cases upon which it intended to rely" in its motions by December 6, 2024. *Id.* at 2. Petitioner did not respond to the Commission's order.

On December 23, 2024, the Commission issued an Order to Show Cause requiring Petitioner, within 30 days, to show cause "why the Commission should not vacate its directions for review and dismiss this proceeding."

Cert. Index at pp. 3559-3563 (Ord., CENT 2023-0251 (FMSHRC Dec. 23, 2024)). The Commission's order required Petitioner to, "*at minimum*, provide an explanation for its failure to respond to the Commission's November 22, 2024 Order [to Submit Cases]. If no response is filed, the Commission's directions for review in this matter may be vacated, and the proceeding may be dismissed in its entirety." *Ibid*. (emphasis added)).

On January 9, 2025, Petitioner responded to the Commission's show cause order. Cert. Index at pp. 3564-3588 (Resp. to Show Cause Ord., CENT 2023-0251 (FMSHRC Jan. 9, 2024)). Petitioner claimed that its use of nonexistent or misrepresented cases "was inadvertent and unintentional." Petitioner provided no explanation for why it failed to respond to the Commission's November 22 Order.

On January 17, 2025, the Commission vacated the directions for review and dismissed the proceeding. Cert. Index at pp. 3589-3593 (Ord., CENT 2023-0251 (FMSHRC Jan. 17, 2025) ("January 17 Order")). The Commission determined Petitioner's response failed to "establish the legitimacy of the cases upon which it purportedly relied by providing copies" and failed to "explain its failure to comply with the Commission's previous

order." *Ibid.* The Commission also found that Petitioner "fabricated cases in its filings to the Commission." *Ibid.*

On January 19, 2025, Petitioner filed a "Request for Reconsideration" of the January 17 Order vacating the directions for review and dismissing the proceedings. Cert. Index at pp. 3594-3676 (Pet. Request for Reconsideration, CENT 2023-0251 (FMSHRC Jan. 19, 2025)). On February 12, 2025, the Commission denied the request for reconsideration. Cert. Index at pp. 3677-3680 (Ord., CENT 2023-0251 (FMSHRC Feb. 12, 2025) ("February 12 Order")).

## Argument

This Court lacks jurisdiction to review the Commission's January 17 Order and February 12 Order because they are orders in which the Commission ultimately declined to exercise its discretion to review the ALJ's decision, and therefore are not reviewable orders under the Mine Act.

The Mine Act provides the courts of appeals jurisdiction to review final orders of the Commission. 30 U.S.C. 816(a)(1). If the Commission does not exercise its direction to review, an ALJ's decision becomes an appealable final order 40 days after the ALJ's decision is issued. 30 U.S.C. 823(d)(1). If the Commission exercises its discretion to grant or initiate review, the

7

Commission's disposition of their review (i.e., a decision affirming, modifying, or setting aside an ALJ decision) is final and appealable when issued. 30 U.S.C. 816(a)(1). Once an ALJ's decision is a final order of the Commission, the courts of appeals have jurisdiction to review that order. See, *e.g.*, *Pattison Sand Co.,* 688 F.3d at 510.

Courts of appeal have consistently held that, under 30 U.S.C. 816, courts lack jurisdiction to review a Commission decision declining to grant a petition for review. See *Marshall Cnty. Coal Co.* v. *FMSHRC*, 923 F.3d 192, 206 (D.C. Cir. 2019) ("This court has jurisdiction over final orders. *See id.* § 816(a)(1) . . . we review the ALJ's decision as the final order of the Commission, not the Commission's refusal to grant review."); *Coeur Alaska, Inc.* v. *FMSHRC*, 738 F. App'x 916, 919 (9th Cir. 2018) (unpublished) ("we lack jurisdiction to review the Federal Mine Safety and Health Review Commission's decision to decline review of the ALJ′s decision."); *Eagle Energy, Inc.* v. *Sec'y of Lab.*, 240 F.3d 319, 325 (4th Cir. 2001) ("the only body that can decide whether the Commission should grant a petition for review is the Commission itself; this Court does not have that power . . . . We have no jurisdiction to hear Eagle's appeal because the Commission's denial of Eagle's petition for review does not constitute a final order.").

Here, Petitioner does not seek review of the ALJ decision issued in May 2024, determining that Petitioner violated section 105(c) of the Mine Act. Rather, Petitioner seeks "review of the . . . final order issued on January 17, 2025, and the denial of reconsideration issued on February 12, 2025, dismissing Petitioner's case[.]" Pet. for Rev. (Feb. 18, 2025). Indeed, Petitioner attached these *Commission* orders to its petition for review, not the ALJ's order. The express terms of the Mine Act and case law interpreting it squarely foreclose Petitioner's attempt to appeal the Commission's discretionary decision to dismiss its own direction for review. See 30 U.S.C. 816(a)(1); *Marshall Cnty. Coal Co.,* 923 F.3d at 206; *Coeur Alaska, Inc.,* 738 F. App'x at 919; *Eagle Energy, Inc.,* 240 F3d at 325. The Commission orders are, therefore, unreviewable. This Court lacks jurisdiction over this appeal, and the Court should dismiss Petitioner's appeal.

         Respectfully submitted,

         JONATHAN L. SNARE
         Acting Solicitor of Labor

         THOMAS A. PAIGE
         Acting Associate Solicitor

         s/ SUSANNAH M. MALTZ

         U.S. Department of Labor
         Office of the Solicitor

Division of Mine Safety & Health
200 Constitution Ave, Suite N4420
Washington DC 20210
(202) 693-5393
(202) 693-9333 (fax)
maltz.susannah.m@dol.gov

Attorneys for the Secretary of Labor

10

## Certificate of Compliance

This document complies with Fed. R. App. P. 27(d)(1)(E) because it has been prepared in 14-point Equity using Microsoft Word.

This document complies with Fed. R. App. P. 27(d)(2)(A) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), it contains 1,646 words.

Counsel also certifies that the motion has been scanned for viruses and is virus-free.

s/ Susannah M. Maltz

# Certificate of Service

I certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit by using the appellate CM/ECF system on May 5, 2025, and the following registered users will be served via the CM/ECF system:

Aditya Dynar
Adam Griffin
Pacific Legal Foundation

Attorneys for American Tripoli

T. Jason Riley
Federal Mine Safety and Health Review Commission

Attorney for the Federal Mine Safety and Health Review Commission

s/ Susannah M. Maltz

b