

U.S. Department of Justice
Civil Division, Appellate Staff
950 Pennsylvania Ave., N.W.
Washington, D.C. 20530-0001

Tel: (202) 514-5432

January 23, 2026

**By CM/ECF**

Susan E. Bindler
Clerk of Court
U.S. Court of Appeals for the Eighth Circuit
Thomas F. Eagleton Courthouse
111 South 10th Street
St. Louis, MO 63102

    Re:  *MOSenecaManufacturer LLC v. Federal Mine Safety and Health Review Commission*, No. 25-1349 (8th Cir. argued January 15, 2026)

    At oral argument, petitioner's counsel stated that petitioner had presented its Seventh Amendment claim to the Commission, citing Administrative Record 3414. We write in response to confirm that petitioner is correct.

    Until argument, all parties had litigated this case with the understanding that petitioners' Seventh Amendment argument had not been made before the Commission. Opening Br. 10 (asking the Court to "excuse Tripoli's failure to urge such objection before the Commission"); Answering Br. 25 (arguing forfeiture based on "petitioner's failure to present its objections to the Commission"); Reply Br. 15 (arguing that petitioner's "constitutional challenges need not be litigated before [the] agency"). We wish to correct all contrary representations in our answering brief and to express our regret for the error.

    Petitioner has not argued that it raised its Seventh Amendment argument to the ALJ, and petitioner's request for Commission review did not identify this argument. Supp. App. 45-48 (petition for Commission review); App. 75 (Commission granting review). Congress provided that,

absent good cause, "no assignment of error by any party shall rely on any question of fact or law" that was not presented to the ALJ. 30 U.S.C. § 823(d)(2)(A)(iii). And Congress further specified that the Commission's review "shall be limited to the questions raised by the petition" for review. *Id.*; *see also* 29 C.F.R. §§ 2700.70(g), 2700.71. Accordingly, when there are "no grounds for overlooking the Board's procedural requirements," failure to comply with those requirements "means [that petitioner] failed to exhaust [its] constitutional claims before" the agency. *Island Creek Coal Co. v. Bryan*, 937 F.3d 738, 751 (6th Cir. 2019). *See* also Answering Br. 22-23, 28-29.

As discussed at argument (19:06-21:20), if the Court were to consider the Seventh Amendment claim, petitioner would have to demonstrate that the Commission's orders vacating review and denying reconsideration implicated its private rights, Answering Br. 30, rather than public rights, *id.* at 38-48.

Sincerely,

Brett A. Shumate
  *Assistant Attorney General*
Michael S. Raab
*/s/ Daniel Aguilar*
Daniel Aguilar
  *Attorneys, Appellate Staff*
  Civil Division
  U.S. Department of Justice
  950 Pennsylvania Avenue NW
  Washington DC 20530

## CERTIFICATES OF COMPLIANCE AND SERVICE

I certify that this letter contains 311 words according to the count of Microsoft Office 365, and that this is within the word limit provided by Fed. R. App. P. 28(j).

I certify that on January 23, 2026, I electronically filed the foregoing with the Clerk of the Court by using the appellate CM/ECF system. I certify that the participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

*/s/ Daniel Aguilar*
DANIEL AGUILAR
