# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 25-1349

———————————————

MOSenecaManufacturer, LLC, doing business as American Tripoli

*Petitioner*

v.

Federal Mine Safety and Health Review Commission; Secretary of Labor

*Respondent*s

————————

Petition for Review of an Order of the
Federal Mine Safety and Health Review Commission

————————

Submitted: January 15, 2026
Filed: August 7, 2026

————————

Before SHEPHERD, KELLY, and STRAS, Circuit Judges.

————————

KELLY, Circuit Judge.

MOSenecaManufacturer, LLC d/b/a American Tripoli (American Tripoli) filed a petition for review of the Federal Mine Safety and Health Review Commission's (Commission) order dismissing its proceeding for failure to comply with a prior order, as well as the Commission's order denying American Tripoli's motion for reconsideration. In its briefing, however, American Tripoli presses only

Appellate Case: 25-1349     Page: 1     Date Filed: 08/07/2026 Entry ID: 5669688

constitutional arguments related to a merits decision by an Administrative Law Judge (ALJ). Accordingly, we dismiss the petition.

## I.

Robert Baumann worked at a mine owned by American Tripoli and was elected miner representative in March 2023. On April 11 and 12, 2023, Baumann participated in an inspection with a Mine Safety and Health Administration (MSHA) inspector, and MSHA issued a withdrawal order pursuant to Section 104(b) of the Federal Mine Safety and Health Act of 1977 (Mine Act). American Tripoli terminated Baumann less than a week later. Baumann then filed a complaint with MSHA, and on April 25, 2023, the Secretary of Labor brought a case on his behalf, alleging discrimination and interference under Section 105(c) of the Mine Act.

On May 23, 2024, an ALJ found American Tripoli violated Section 105(c) of the Mine Act and ordered it to pay $10,552 in backpay to Baumann in addition to $32,500 in civil penalties. On June 18, 2024, pursuant to 30 U.S.C. § 823(d)(2)(B), the Commission sua sponte directed review of the ALJ's decision. A few days later, on June 21, 2024, American Tripoli filed its own petition for discretionary review. On June 27, 2024, the Commission granted American Tripoli's petition for discretionary review, see 30 U.S.C. § 823(d)(2)(A)(i), combined it with the sua sponte direction for review, and set a briefing schedule.

While American Tripoli's petition to the Commission was pending, it filed a "Motion to Cease and Desist Enforcement Actions Pending Final Judgment" dated October 31, 2024. On November 22, 2024, the Commission ordered American Tripoli to submit copies of two cases it relied upon in its motion, which the Commission could not locate, and to do so before December 6, 2024. American Tripoli did not submit the copies by the deadline.

On December 23, 2024, the Commission ordered American Tripoli to show cause "why the Commission should not vacate its directions for review and dismiss

Appellate Case: 25-1349    Page: 2    Date Filed: 08/07/2026 Entry ID: 5669688

this proceeding," given American Tripoli's failure to submit copies of the two cases named in the Commission's November 22 order.

American Tripoli responded to the Commission's Order to Show Cause on January 9, 2025. But it did not submit copies of the two cases. Instead, American Tripoli argued that the inclusion of these cases "was inadvertent and unintentional" and "[did] not impact the substantive legal arguments presented in this matter."[1] Although it purported to attach supplemental caselaw to that response, it did not do so.

On January 17, 2025, the Commission issued an order vacating the directions for review and dismissing the proceeding. The Commission "conclude[d] that [American Tripoli] fabricated cases in its filings to the Commission," noting that American Tripoli "offer[ed] *no* explanation for [its] failure to timely respond to the Commission's November Order," did not "provide[] copies of the cases upon which it purportedly relied," and failed to attach the supplemental caselaw it claimed to rely on in its January 9 response. American Tripoli then filed a motion for reconsideration on January 19, 2025, which the Commission denied in a summary order on February 12, 2025.

On February 18, 2025, American Tripoli filed in this court a petition for review of the Commission's "final order issued on January 17, 2025, and the denial of reconsideration issued on February 12, 2025." American Tripoli attached the Commission's January 17, 2025, order vacating the directions for review and dismissing the proceeding and the Commission's February 12, 2025, order denying reconsideration of its January 17 order. American Tripoli did not name or attach any other order from the ALJ or Commission in its petition for review. American Tripoli subsequently obtained counsel for this appeal, who filed their appearances on March 5, 2025.

---

[1]At oral argument, counsel for American Tripoli speculated that the two cases were "AI hallucinations."

-3-

Appellate Case: 25-1349     Page: 3     Date Filed: 08/07/2026 Entry ID: 5669688

American Tripoli now advances several constitutional arguments not presented to the ALJ who adjudicated its merits proceeding, but we need not decide them today because American Tripoli failed to properly designate the ALJ's decision in its petition for review before this court.

II.

Federal Rule of Appellate Procedure 15(a)(2)(C) requires petitions for direct review of agency action to "specify the order or part thereof to be reviewed." Fed. R. App. P. 15(a)(2)(C). "Failure to specify the correct order can result in dismissal of the petition." Entravision Holdings, LLC v. FCC, 202 F.3d 311, 312 (D.C. Cir. 2000); see also City of Benton v. Nuclear Reg. Comm'n, 136 F.3d 824, 826 (D.C. Cir. 1998). It is undisputed that American Tripoli designated only two orders in its petition for review: the Commission's January 17, 2025, order vacating the directions for review and dismissing the proceeding, and the Commission's February 12, 2025, order denying reconsideration of its January 17 order. In so designating, American Tripoli gave notice it would contest the Commission's decision to vacate the directions for review and dismiss the case based on American Tripoli's failure to comply with prior orders of the Commission. But American Tripoli's briefing before this court instead argues constitutional issues relevant to its merits proceedings before the ALJ.

American Tripoli did not designate or otherwise reference the ALJ's decision in its petition for review before this court. But a "mistaken . . . specification of the order to be reviewed will not be fatal to the petition . . . if [American Tripoli's] intent to seek review of a specific order can be fairly inferred from the petition for review or from other contemporaneous filings, and the respondent [would] not [be] misled by the mistake."[2] Entravision Holdings, 202 F.3d at 313; see also Snohomish County

_____

[2]We note that "the lack of prejudice is a necessary, not sufficient, condition for excusing a petitioner's mistake in naming the order of which review is sought[.]" Sinclair Broad. Grp., Inc. v. FCC, 284 F.3d 148, 157 (D.C. Cir. 2002) (quoting Sw.

-4-

v. Surface Transp. Bd., 954 F.3d 290, 300 (D.C. Cir. 2020) ("[O]ur examination of compliance with Rule 15(a) is not formalistic."). In American Rivers v. FERC, for example, the D.C. Circuit concluded that a petitioner's intent to seek review of multiple orders not cited in its petition for review "can be fairly inferred from the motion to consolidate the two petitions for review, the docketing statement, the statement of issues, and the underlying decisions attached to the appeal." 895 F.3d 32, 44 (D.C. Cir. 2018); see also Kazarian v. Bondi, 159 F.4th 690, 691–93 (9th Cir. 2025) (petitioner's misstatement of date of challenged order and failure to attach a copy of challenged order not fatal to petition for review where petitioner's contemporaneous motion to stay and petition "make clear that he seeks review of" the challenged order).

Courts have also found that an intent to seek review of a specific order can be fairly inferred when the petition itself mentions or refers to the merits of that order. See, e.g., Sinclair, 284 F.3d at 158 (issue listed in filed petition for review "c[ould] only refer to the [omitted order], and thus gave notice to a reasonably intelligent person that [petitioner] intended to make a substantive challenge to the [omitted order] and not only to the [designated order]"); Bhd. of Locomotive Eng'rs & Trainmen v. Fed. R.R. Admin., 972 F.3d 83, 110–11 (D.C. Cir. 2020) (filed petition for review adequately presented issue where it included specific language challenging Railroad Administration decision); Muir v. U.S. Dep't of Homeland Sec. & Transp. Sec. Admin., 145 F.4th 1359, 1370–71 (D.C. Cir. 2025) (filed petition for review adequately presented issue for review even though reference to standard operating procedure was omitted).

Here, American Tripoli did not mention or refer to any merits-related issues in its petition for review. And American Tripoli submitted no contemporaneous filings that fairly demonstrated its intent to seek review of the ALJ's merits decision, rather than the orders it actually identified: the Commission's discrete decisions to

---

Bell Tel. Co. v. FCC, 180 F.3d 307, 314 (D.C. Cir. 1999), abrogated on other grounds by Entravision Holdings, 202 F.3d at 313 n.**).

-5-

dismiss the proceeding for failure to comply with the order to show cause and to deny reconsideration. We therefore cannot "fairly infer" American Tripoli's "intent to seek review" of the ALJ's merits decision. See Entravision Holdings, 202 F.3d at 313–14.

III.

Accordingly, we dismiss American Tripoli's petition for review.[3]

_____

---

[3]We deny as moot the Secretary of Labor's motions to dismiss and to file a supplemental appendix.

-6-